Stephen TSE, Petitioner,

v.

UNITED STATES of America
Respondent.

Civil Action No. 99–10305–NMG.

United States District Court,
D. Massachusetts.

Sept. 6, 2000.

Stephen Tse, Cumberland, MD, pro se.

Susan C. Hanson–Philbrick, United States Attorney's Office, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before the Court are motions of the Petitioner, Stephen Tse ("Tse"), to grant an evidentiary hearing, to vacate or set aside or correct his sentence under 28 U.S.C. § 2255 and to supplement the original 28 U.S.C. § 2255 motion. Tse alleges, *inter alia,* that he was denied effective assistance of counsel under the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

### I. *Background*

On December 21, 1993, a 17–count indictment was returned against Tse and 15 co-defendants charging them with various federal offenses. Tse was charged in Counts 1 and 2 with violation of 18 U.S.C. § 1962(c) and (d), participating in a RICO conspiracy (the Hong Kong-based Ping On gang) and substantive offense related to that conspiracy, in Counts 3 and 4 with violation of 18 U.S.C. § 1955, operating an illegal gambling business, in Count 7 with violation of 18 U.S.C. § 892(a), making an extortionate extension of credit, in Count 9 with violation of 8 U.S.C. § 1324, conspiracy to bring aliens into the United States, in Counts 12 and 13 with violation of 18 U.S.C. § 1959(a)(3), assault with a dangerous weapon, in Counts 14 and 15 with violation of 18 U.S.C. § 1959(a)(5), attempted murder in aid of a racketeering enterprise, in Count 16 with violation of 18 U.S.C. § 1959(a)(5), conspiracy to commit murder in aid of a racketeering enterprise and in Count 17 with violation of 18 U.S.C. § 924(c), using and carrying a firearm in relation to a crime of violence.

On January 6, 1994, per the request of the United States government, Tse was arrested in Hong Kong and extradition proceedings were commenced. On January 13, 1995, the Governor of Hong Kong executed a Warrant of Surrender ordering Tse's extradition to the United States.

After Tse was extradited, the United States government proceeded against him solely on Count 16 and negotiated a plea agreement pursuant to Fed.R.Crim.P. 11(e)(1)(c). This Court rejected that plea agreement and, on February 7, 1996, Tse withdrew his guilty plea and the case was scheduled to proceed to trial on Count 16.

After Tse's plea withdrawal, the Consul General of the United States presented a diplomatic note to the Governor and Government Secretariat of Hong Kong on May 20, 1996 requesting permission to prosecute Tse on Counts 14 and 15 (attempted murder in aid of a racketeering enterprise). The Government Secretariat of Hong Kong consented and on May 30, 1996 Tse was arraigned on Counts 14 and 15.

On July 25, 1996, a jury returned a verdict against Tse on all three counts and

he was subsequently sentenced to prison for a term of 188 months. Tse appealed and the First Circuit Court of Appeals affirmed the convictions on February 3, 1998.

On February 11, 1999 Tse, acting *pro se,* filed the instant petition under 18 U.S.C. § 2255.

## II. *Discussion*

Tse raises seven issues in his original motion. He alleges that he received ineffective assistance of counsel because his attorney erroneously advised him that he would receive no more than a ten-year sentence if the case proceeded to trial. Tse adds to the ineffective assistance claim additional claims based upon his attorney's alleged failure to raise the following issues on direct appeal:

1) that the jury instructions were improper because they failed to contain an instruction on entrapment,

2) that the jury instructions were improper because they failed to contain an instruction on the lesser included offense of assault with a dangerous weapon,

3) that his First Amendment rights were violated because 18 U.S.C. § 1959 is unconstitutional,

4) that during trial and direct appeal defense counsel did not object to the use of the term "enterprise" by the trial court, and

5) that no objections were made at trial or on direct appeal that his conviction was based on testimony of a government witness/co-conspirator.

Finally, Tse asserts that this Court erred by not instructing the jury on entrapment and the lesser offense of assault with a dangerous weapon.

### A. Motion for an Evidentiary Hearing

■ In *United States v. McGill* 11 F.3d 223, at 225 (1st Cir.1993), the First Circuit Court of Appeals held that a defendant is not automatically entitled to an evidentiary hearing on a 28 U.S.C. § 2255 motion. In fact, a party seeking an evidentiary hearing carries a heavy burden to establish the need for such a hearing. *Id.* at 225. In most instances, a petitioner's motion may be decided on the papers "with the parties submitting evidentiary proffers by means of affidavits, documentary exhibits, and the like." *Id.* at 225.

■ To determine if the petitioner has carried his burden the court must take his version of the facts as true unless the statements are "conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." *Id.* at 225. Additionally, if the motion is presented to the same judge who presided at the petitioner's trial, the judge may employ his/her personal knowledge from the proceedings without instituting an additional hearing. *Id.* at 225 (citing *United States v. DiCarlo* 575 F.2d 952, 954–955 (1st Cir.1978)).

■ Applying *McGill* to this case, this court declines to grant Tse a hearing. As in *McGill,* the instant petition was submitted to the same judge who presided at trial and, as in that case, Tse has "mounted no serious challenge on the facts." *McGill* 11 F.3d at 226. In fact, Tse has introduced no disputed facts and thus, has failed to carry his burden.

### B. Petition to Vacate, Set Aside, or Correct Sentence

#### 1. *Jury Instructions*

■ Tse contends that this Court erred by not providing the jury with instructions on entrapment and the lesser included offense of assault with a dangerous weapon. Tse did not, however, raise the issue of erroneous jury instructions on direct appeal.

■ To determine whether Tse may raise an issue on a motion under 28 U.S.C. § 2255 when it has been raised neither at the trial nor on direct appeal, the Court must apply the standard set forth in *Unit-*

ed States v. Frady, 456 U.S. 152, 153, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). *Frady* provides that a petitioner in Tse's position must show "cause" excusing the procedural default and "actual prejudice" resulting in the alleged error. *Id.* at 168, 102 S.Ct. 1584. Moreover, such cause and actual prejudice must be measured by a standard that is more stringent than plain error. *Id.* at 164–65, 102 S.Ct. 1584.

■ An error in jury instructions does not constitute prejudice *per se.* More precisely:

the question is not whether the trial court failed to isolate and cure a particular ailing instruction by itself, but rather whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.

*Cupp v. Naughten,* 414 U.S. 141, 148, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973).

Tse's claim of erroneous jury instructions is barred because he fails to meet the standard required by *Frady.* To excuse the procedural default of not raising his contested jury instructions on appeal, Tse contends that his counsel provided ineffective assistance yet he offers no proof to substantiate the claim. Moreover, Tse does not even address the issue of actual prejudice. He sets forth a lengthy analysis of entrapment and a rationale for including a lesser charge instruction but he ultimately fails to demonstrate any actual prejudice in the instructions because he offers no evidence to indicate that the missing instructions, by themselves, infected the entire trial.

### 2. *Ineffective Assistance of Counsel*

■ Tse may assert ineffective assistance of counsel under 28 U.S.C. § 2255 because it is an assertion of a constitutional violation. *Knight v. United States,* 37 F.3d 769, 774 (1st Cir.1994). His failure to raise that claim on direct appeal is not fatal because Tse was represented by the same counsel on direct appeal as he had been at trial. *Brien v. United States,* 695 F.2d 10,13 (1st. Cir.1982). Section 2255 is the preferred vehicle for claims of ineffective assistance because often the opportunity to develop evidence does not exist until the conclusion of the appellate process. *Knight* 37 F.3d at 774.

In *Strickland v. Washington,* the Supreme Court held that to establish a claim of ineffective assistance of counsel a claimant must (1) demonstrate that defense counsel's performance "fell below an objective standard of reasonableness" and that the defendant was "prejudiced by the errors." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ The Supreme Court further defined what constitutes falling below an objective standard of reasonableness as "not within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). Moreover, when a district court reviews the assistance that counsel provided to the petitioner, the court should be "highly deferential" to the trial counsel's performance. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

Tse also faces a high standard under the second prong of the *Strickland.* In *Argencourt* the First Circuit Court of Appeals held that a demonstration of prejudice must be greater than "mere postulating" and a petitioner must prove that "but for counsel's unprofessional error, the result of the proceeding would have been different." *Argencourt,* 78 F.3d at 16 (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). The "but for" test requires the petitioner to demonstrate a reasonable probability that the defense counsel's error modified the outcome of the trial. *Argencourt,* 78 F.3d at 16.

■ Tse argues that his counsel, Kevin O'Dea ("Attorney O'Dea"), advised him that 1) he would be sentenced to no more than ten years imprisonment on Count 16 of the indictment if he proceeded to trial and 2) additional counts

in the indictment would be barred by the doctrine of specialty. "The doctrine of specialty ... generally requires that a requesting country not prosecute a defendant for offenses other than those for which extradition was granted." *United States v. Tse*, 135 F.3d 200, 204, (1st Cir. 1998). Tse was originally extradited on Count 16 alone. Although he does not say so specifically, Tse implies that had he known Counts 14 and 15 could later be added to the indictment against him, he would not have withdrawn his plea and would have accepted a sentence up to the statutory maximum of 120 months.

In determining whether counsel's performance was reasonable the court must strive to "eliminate the distorting effects of hindsight." *Strickland* 466 U.S. at 689, 104 S.Ct. 2052. At the time of plea negotiations, this Court concludes that it was reasonable for Attorney O'Dea to believe that the United States Attorney could not prosecute Tse on additional counts. Attorney O'Dea could reasonably have concluded that the Government Secretariat of Hong Kong would not waive the doctrine of specialty and thus that Tse could be prosecuted only on Count 16.

Tse argues that "but for" the erroneous advice, he would not have been charged with Counts 14 and 15. The government responds that Tse presents no evidence that if he had not withdrawn his guilty plea and had been sentenced on Count 16, he would not have subsequently been prosecuted on Counts 14 and 15 or any other counts in which he was named in the indictment.

Tse's initial plea agreement, however, provides that Tse would plead guilty to Count 16 and that the government would drop the remaining charges in the indictment. To prosecute him on the dismissed charges the government would have had to reindict and re-extradite Tse on those charges. By not withdrawing his guilty plea to Count 16 only, Tse would have received a sentence of no more than a 120 months under 18 U.S.C. § 1959(a)(5). If,

in fact, Attorney O'Dea advised Tse that he could be sentenced to no more than 120 months no matter what happened after Tse withdrew his plea (of which evidence we have only Tse's word), then he was prejudiced because the "result of the proceeding would have been different" but for Attorney O'Dea's advice. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. Nevertheless, even had Tse been so prejudiced by his attorney's advice, he ultimately fails to prove a claim of ineffective assistance because the advice was not "objectively unreasonable."

■ Tse argues, by extension, that he was entitled to an entrapment defense instruction, that there was improper witness testimony, that his First Amendment right to free association was violated, and that erroneous jury instructions were given, all of which came about because of the ineffective assistance of his counsel. Tse did not, however, raise those specific arguments on direct appeal. As pointed out above, he cannot assert such substantive claims in his 28 U.S.C. § 2255 petition that were not pursued on direct appeal unless he proves both cause and actual prejudice. *Frady*, 456 U.S. at 153, 102 S.Ct. 1584.

Tse admits that he did not raise those issues on appeal, yet offers no evidence to support the prejudice that such a failure caused him. Because Tse "bypassed his opportunity to raise the claim[s] on direct appeal, he cannot raise [them] now on collateral attack." *Stone v. Powell*, 428 U.S. 465, 477, n. 10, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1982).

## C. Motion to Supplement/Amend the Petition

■ Tse has filed a supplement to his pending 28 U.S.C. § 2255 motion in which he asserts an additional ground to vacate, set aside, or correct his sentence. Under Fed.R.Civ.P. 15(c)(2), Tse may amend his original complaint if "the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set

forth...in the original pleading." Tse argues in his supplemental claim that the statute under which he was convicted, 18 U.S.C. § 1959, is unconstitutional. Because that claim relates to the subject matter of the pending conviction, the Court will allow Tse to supplement his petition.

With respect to the substance of the supplemental claim, Tse challenges the federal jurisdiction of 18 U.S.C. § 1959 as applied to his case. He relies principally on a recent decision of the United States District Court for the Eastern District of Michigan. In that case, the Court held that the government was unable to prove jurisdictional facts sufficient to support a conviction under 18 U.S.C. § 1959. *United States v. Garcia*, 68 F.Supp.2d 802, 809 (E.D.Mich.1999). Tse argues that he was unable to raise such a jurisdictional challenge on direct appeal because *Garcia* had not yet been decided. That is not true but nevertheless this Court will allow Tse to raise the jurisdictional issue here for the first time because he satisfies the cause and actual prejudice standard of *Frady*. 456 U.S. at 168, 102 S.Ct. 1584.

Tse argues that his crime had no effect on interstate commerce and thus to apply 18 U.S.C. § 1959 to him would exceed Congress' power to regulate intrastate activities. He contends that his case is analogous to *Garcia* in which the defendant was similarly charged with murder in aid of racketeering in violation of 18 U.S.C. § 1959.

In *Garcia*, the defendant was a member of a local street gang and was convicted of murdering someone in connection with the gang's drug trade. The court noted that Congress may regulate non-commercial, intrastate activity if it has a substantial effect on interstate commerce but concluded that the government had not proved that the subject murder had such an effect and thus, federal jurisdiction was lacking. *Garcia*, 68 F.Supp.2d at 811 (quoting *United States v. Lopez*, 514 U.S. 549, 558–9, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995)).

Since the *Garcia* decision, however, no other court has followed it and the First Circuit Court of Appeals has specifically declined to do so by invoking the reasoning of *United States v. Torres*, 129 F.3d 710 (2nd Cir.1997), and rejecting a claim that 18 U.S.C. § 1959 is facially invalid. *Houlihan v. United States*, 201 F.3d 427 (1st Cir.1999).

Moreover, even if this Court were persuaded by the reasoning of *Garcia*, which it is not, Tse offers no evidence that his specific crimes did not affect interstate commerce. To the contrary, the government offers numerous examples of the effect on interstate activity resulting from Tse's participation in Ping On, namely that the gang was an international organization involved in extortion, prostitution, illegal interstate gambling and the smuggling of illegal aliens into the United States. Ultimately, this Court concludes that the jurisdictional component of 18 U.S.C. § 1959 was satisfied.

## ORDER

For the reasons set forth in the memorandum above:

1) the motion of the Petitioner to grant an evidentiary hearing (Docket No. 1) is DENIED;

2) the petition to supplement original motion under 28 U.S.C. § 2255 (Docket No 10) is ALLOWED; and

3) the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, as amended by the supplement, (Docket No. 1) is DENIED.

So ordered.