# United States Court of Appeals
## For the First Circuit

No. 00-2540

STEPHEN TSE,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Selya, Lynch and Lipez,
Circuit Judges.

Stephen Tse on Application for Certificate of Appealability,
pro se.

May 17, 2002

**Per Curiam**. Stephen Tse has filed a pro se application for a certificate of appealability ("COA") from the denial of his petition under 28 U.S.C. § 2255. The underlying facts are straightforward. Following extradition from Hong Kong on one count of a multi-count federal indictment, Tse was tried and convicted on three counts, namely, two counts of attempted murder in aid of a racketeering enterprise in violation of 18 U.S.C. § 1959(a)(5) (counts 14 and 15), and one count of conspiracy to murder in aid of a racketeering enterprise in violation of 18 U.S.C. § 1959(a)(5) (count 16). We affirmed these convictions on direct appeal. United States v. Tse, 135 F.3d 200 (1st Cir. 1998). The instant petition alleges a variety of substantive and ineffective assistance of counsel claims concerning his extradition and trial.

To obtain a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Upon review of the underlying criminal record and § 2255 proceedings, as well as the moving papers, we are persuaded that Tse has failed to meet this standard with respect to the majority of his claims. However, as discussed more fully below, we conclude that a COA is warranted with respect to one claim, and, indeed, that vacation and summary remand are appropriate because further proceedings are necessary in respect to that issue. We address the latter claim first.

I.

In his COA application, Tse renews his claim that counsel rendered ineffective assistance in advising him regarding the doctrine of specialty and, relatedly, regarding the potential consequences of rejecting the government's plea offer. Tse claims that he was offered a deal by the government: plead guilty to count 16 in exchange for a 97-month sentence and dismissal of the remaining counts. In a declaration under pains of perjury pursuant to 28 U.S.C. § 1756, Tse stated that his attorney advised him that, if he proceeded to trial, there was "no way" that he would or could receive more than a 10-year sentence (the maximum penalty on count 16). Tse elaborated further in a second declaration, stating that counsel advised him that the "Government was prevented by law from taking [him] to trial on Counts Fourteen or Fifteen, or any other Count."

If counsel gave this advice--and at this stage of the proceedings we must assume that he did--it turned out to be incorrect. After Tse rejected the plea offer (purportedly in reliance on his counsel's advice),[1] the government sought and obtained consent from Hong Kong to prosecute him on counts 14 and 15 in addition to count 16. Tse, 135 F.3d at 204. Tse was

---

[1]Tse initially pled guilty but withdrew his plea after the district court rejected the plea agreement. The parties filed a joint motion for reconsideration of that decision, but Tse claims that he withdrew from the joint motion despite having been informed by his lawyer that the district court was inclined to grant it and accept the plea agreement. This occurred, Tse intimates, as a result of counsel's incorrect advice.

convicted on all three counts and sentenced to a 188-month incarcerative term. On appeal, this court upheld the validity of the consent. Id. at 205. We also stated that, in any event, permission was not necessary because the attempted murder charges (counts 14 and 15) were interconnected with the conspiracy to murder charge (count 16). Id.

The district court summarily denied Tse's ineffective assistance of counsel claim. The court stated in pertinent part that:

> At the time of plea negotiations, this Court concludes that it was reasonable for Attorney O'Dea to believe that the United States Attorney could not prosecute Tse on additional counts. Attorney O'Dea could reasonably have concluded that the Government Secretariat of Hong Kong would not waive the doctrine of specialty and thus that Tse could be prosecuted only on Count 16.

Tse v. United States, 112 F. Supp. 2d 189, 193-94 (D. Mass. 2000). The district court did not address our conclusion that a waiver of the doctrine of specialty was unnecessary to permit the government to try Tse on the additional counts.

We conclude that the district court erred in dismissing Tse's claim without holding an evidentiary hearing to determine what advice counsel gave. We need not definitively decide at this juncture what advice would amount to ineffective assistance of counsel and what would not. Tse's complaint, in part, is that counsel informed him that there was

-4-

"no way" that the government could prosecute him on counts other than count 16.  But the law was well-established that "the principle of specialty may be waived by the asylum state," United States v. Saccoccia, 58 F.3d 754, 766 (1st Cir. 1995), and our decision in Tse that a waiver was unnecessary was foreshadowed by existing case law.  Under the circumstances, a blanket assurance by counsel that Tse could not be prosecuted on counts other than count 16 might fall "below an objective standard of reasonableness."  Strickland v. Washington, 466 U.S. 668, 688 (1994).

We note, too, that the district court made no final determination as to whether Tse demonstrated prejudice.  This question should be further explored by the district court on remand.  There is a split among the courts of appeals as to whether a defendant's post-conviction testimony that he would have accepted a plea offer is sufficient to show prejudice, or, conversely, whether the defendant must adduce objective evidence to that effect.  Compare Paters v. United States, 159 F.3d 1043, 1047 (7th Cir. 1998) (objective evidence required), and United States v. Gordon, 156 F.3d 376, 381 (2d Cir. 1998) (same), with Magana v. Hofbauer, 263 F.3d 542, 547 n.1 (6th Cir. 2001) (objective evidence not required).  This court has not spoken to the issue.  Although we do not resolve it now, this is another valid reason for holding an evidentiary hearing and affording the district court an opportunity to make specific findings as to prejudice vel non.

II.

Tse also renews a variety of substantive claims, each of which is alternatively framed as an ineffective assistance of counsel claim.  These claims are:

- The district court erred in denying counsel's request for an entrapment instruction, and counsel rendered ineffective assistance in failing to argue the issue on appeal.

- Section 1959 of Title 18 is facially unconstitutional as violative of the First Amendment, and counsel rendered ineffective assistance in failing to argue the issue at trial and on appeal.

- The trial judge gave erroneous instructions in defining "enterprise" and counsel rendered ineffective assistance in failing to object at trial and in failing to pursue the issue on appeal.

- The trial judge erred in failing to instruct the jury that a government agent cannot be a co-conspirator, and counsel erred in failing to object at trial and in failing to pursue the issue on appeal.

- Title 18 U.S.C. § 1959 is unconstitutional as applied in this case for lack of sufficient nexus between the crime and interstate commerce, and counsel rendered ineffective assistance in failing to argue the issue at trial and on appeal.

- The district court erred in denying trial counsel's request for a jury instruction on the "lesser-included" offense of assault with a dangerous weapon in aid of a racketeering enterprise, and counsel rendered ineffective assistance in failing to argue the issue on appeal.

-6-

Arguably, Tse has procedurally defaulted all of the substantive claims by failing to raise them at trial and/or on direct review.  See Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'") (citation omitted).  But because we are persuaded that each of these claims is meritless, we need not decide whether any of them is immune to principles of default, or, alternatively, whether Tse can establish "cause and actual prejudice" under United States v. Frady, 456 U.S. 152, 167 (1982), to excuse any such default.  Since Tse's claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail. We briefly explain.

First, the evidence at trial did not come close to demonstrating the sort of government overreaching that would warrant an entrapment instruction.  See United States v. Young, 78 F.3d 758, 761 (1st Cir. 1996) (giving examples of improper inducement).  Second, Tse has failed to make a substantial showing that 18 U.S.C. § 1959 is violative of the First Amendment.  Third, contrary to Tse's suggestion, that statute contains no requirement that the government establish a pattern of racketeering activity.  See, e.g., United States v. Bracy, 67 F.3d 1421, 1430 (9th Cir. 1995).  Fourth, Tse has failed to demonstrate that an instruction that government agents cannot be coconspirators was warranted under the circumstances of this

case, and, in all events, any error was harmless in light of the overwhelming evidence of a conspiracy between Tse and non-government actors. Fifth, Tse's Commerce Clause claim fails in light of this court's recent holding in United States v. Marino, 277 F.3d 11, 35 (1st Cir. 2002) (stating that § 1959's requirements are met if the government establishes a connection between the § 1959 act of violence and a RICO enterprise which has a de minimis interstate commerce connection). Finally, Tse has failed to demonstrate that the requested lesser-included-offense instruction passes the "elements test" of Schmuck v. United States, 489 U.S. 705 (1989), or that this test does not apply.

We need go no further. For the foregoing reasons, we grant a COA as to Tse's claim that the district court improperly decided the issue discussed in Part I without holding an evidentiary hearing, summarily vacate the decision of the district court insofar as it resolved this issue, and remand for an evidentiary hearing limited to this issue. See 1st Cir. R. 27(c). We deny a COA as to the issues discussed in Part II (and as to those issues, the district court's decision stands). The appeal is terminated.

**It is so ordered**.