**UNITED STATES of America,**

v.

**Peter MORIN–SMITH,**

**Nos. CR. 01–47–B–S, Civ. 02–122–B–S.**

United States District Court,
D. Maine.

Dec. 4, 2002.

Margeret D. McGaughey, Office of the U.S. Attorney, Portland, ME, Michael D. Love, U.S. Attorney's Office, Bangor, ME, for U.S.

Peter Morin–Smith, Yazoo City, MS, Pro se.

*ORDER ACCEPTING THE RECOM-MENDED DECISION OF THE MAGISTRATE JUDGE*

SIGNAL, District Judge.

No objections having been filed to the Magistrate Judge's Recommended Decision filed October 24, 2002, the Recommended Decision is accepted.

Accordingly, it is *ORDERED* that the petition filed pursuant to 28 U.S.C. § 2255 is *DENIED*.

*RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION*

KRAVCHUK, United States Magistrate Judge.

Peter Morin–Smith was sentenced to twenty-seven months of imprisonment, three years of supervised release, and was ordered to pay $392, 922 in restitution after pleading guilty to one count of health care fraud in violation of 18 U.S.C. § 1347. He took no direct appeal. Rather, Morin–Smith has filed a timely 28 U.S.C. § 2255 motion for habeas relief from the December 3, 2001, judgment. (Docket No. 38.) The United States has responded. (Docket No. 46.) For the reasons articulated below, I recommend that the Court **DENY** Morin–Smith's motion.

*Background*

During the period of October 1997 to June 2001 Morin–Smith was employed as the Chief Financial Officer of Common-sense Housing, Inc. (CHI), an entity that provides assisted housing and medical care for handicapped individuals. Medicaid reimbursed CHI for some health-care services provided to CHI's Medicaid-eligible clients, a dynamic that generated the federal criminal prosecution.[1] For approximately a three-year period Morin–Smith wrote unauthorized payroll checks to himself.

*Discussion*

Morin–Smith asserts there are two grounds that entitle him to relief from his sentence. First he argues that the sentencing judge's decision to allow at the sentencing hearing the testimony of the victims of Morin–Smith's fraud was in contravention of Federal Rule of Criminal Procedure 32(c)(3). The second ground disputes the $392,992 restitution amount both in terms of the restitution requirement and the role the figure played in increasing the length of Morin–Smith's sentence.

Challenges to sentences under § 2255 can be brought only,

upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

1. Section 1347 of title 18 provides:
Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice—
(1) to defraud any health care benefit program; or
(2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 10 years, or both. If the violation results in serious bodily injury (as defined in section 1365 of this title), such person shall be fined under this title or imprisoned not more than 20 years, or both; and if the violation results in death, such person shall be fined under this title, or imprisoned for any term of years or for life, or both. 18 U.S.C. § 1347.

such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255 ¶ 1.

Morin–Smith does not describe his challenges as falling under the constitution nor does he contend that the Court lacked jurisdiction to sentence him. With respect to the remaining grounds for § 2255 relief, the First Circuit explained in *Knight v. United States,* 37 F.3d 769, 772 (1st Cir. 1994):

> While the statutory language is rather general, the Supreme Court has narrowly confined the scope and availability of collateral attack for claims that do not allege constitutional or jurisdictional errors. Such claims are properly brought under § 2255 only if the claimed error is "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill [v. United States],* 368 U.S. [424,] 428, 82 S.Ct. 468, 7 L.Ed.2d 417 [ (1962) ]. The error must "present exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." *Id.* (quoting *Bowen v. Johnston,* 306 U.S. 19, 27, 59 S.Ct. 442, 83 L.Ed. 455 (1939)); *see Fasano v. Hall,* 615 F.2d 555, 557 (1st. Cir.).... Errors warranting a reversal on direct appeal will not necessarily support a collateral attack. *See United States v. Addonizio,* 442 U.S. 178, 184–85, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

37 F.3d at 772.

*Knight* was also a § 2255 case in which the movant had not pursued a direct appeal. The First Circuit's statement on this score is of some moment to the disposition of Morin–Smith's motion:

> The reason for so sharply limiting the availability of collateral attack for non-constitutional, nonjurisdictional errors is

that direct appeal provides criminal defendants with a regular and orderly avenue for correcting such errors. The Supreme Court has repeatedly emphasized that § 2255 is not a substitute for direct appeal. *See, e.g., United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Addonizio,* 442 U.S. at 184–85, 99 S.Ct. 2235; *Sunal v. Large,* 332 U.S. 174, 178, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). A nonconstitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack under § 2255 absent exceptional circumstances. *See Stone v. Powell,* 428 U.S. 465, 477 n. 10, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Suveges v. United States,* 7 F.3d 6, 10 (1st Cir.1993) (applying cause and prejudice standard to procedural default of jurisdictional claim).

*Id.* at 772–73. *See also Cofske v. United States,* 290 F.3d 437, 441 (1st Cir.2002) (Although the language of 28 U.S.C. § 2255 is quite general, the Supreme Court has restricted collateral attack for claims that do not allege constitutional or jurisdictional errors; such claims are said to be cognizable only where the alleged error presents "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure," quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

Related to this concern, as the United States points out, is the fact that Morin–Smith has also "procedurally defaulted" both grounds. It is uncontested that he failed to formally object to the testimony or the restitution amount at any point prior to this § 2255 motion, be it at the sentence-related proceedings or on appeal. Thus, to the extent these claims are cognizable within the meaning of § 2255 ¶ 1, for the Court to consider them here Morin–Smith must demonstrate "cause and preju-

dice" for this default. *Derman v. United States,* 298 F.3d 34, 45 (1st Cir.2002); *Cody v. United States,* 249 F.3d 47, 52 (1st Cir.2001); *see also Prou v. United States,* 199 F.3d 37, 42 (1st Cir.1999) (applying cause and prejudice standard to "waivable issues of statutory authorization"). I do note that even if it is permissible to deny the claims because of the failure to raise them at trial and/or on direct review, the court can also deny them because they are without merit without undertaking the cause and prejudice analysis. *Tse v. United States,* 290 F.3d 462, 465 (1st Cir.2002).[2]

### A. Permissibility of Victim's Statements

■ With respect to his first ground, Morin–Smith contends that one witness's emotional and tear-filled speech, combined with letters to the judge written by CHI management, influenced the sentencing judge and resulted in a sentence in the high range of the United States Sentencing Guidelines. His legal ground for this claim is premised on Federal Rule of Criminal Procedure 32(c)(3)(E) which *requires* a judge presiding over a sentencing *for a crime of violence or sexual abuse* to personally address the victim, if present, and determine if the victim want to make a statement or present any information relating to the sentence. Fed.R.Crim.P. 32(c)(3)(E) (emphasis added).

Morin–Smith has misapprehended the operation of this provision. The fact that the rule requires the judge to make this inquiry of the victim when sentencing for crimes of violence or sexual abuse does not mean the judge is prohibited from allowing victim testimony or the presentation of information vis-à-vis all other crimes.

The sentencing judge's broad discretion as to what information is considered in arriving at the sentence has been guarded by the United States Congress, 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.") and the First Circuit *United States v. Berzon,* 941 F.2d 8, 21 (1st Cir. 1991) ("Generally, there is no limitation on the information which a court may consider in sentencing other than that the information bear sufficient indicia of reliability to support its probable accuracy, and evidence not ordinarily admissible under the rules of evidence at trial may be considered."). Given this latitude, just because Rule 32 does not require the court to consider the victim testimony in every case the law certainly does not prohibit this consideration. *See United States v. Dominguez,* 951 F.2d 412, 417 (1st Cir.1991) (noting that, while the Victim and Witness Protection Act of 1982 required a court to consider victim impact information, the law prior to the enactment did not prohibit the consideration). Thus the consideration of this testimony is not by any stretch "a complete miscarriage of justice" so as to make this claim cognizable under § 2255. *Cofske,* 290 F.3d at 441.[3]

---

**2.** The United States' first line of attack on Morin–Smith's § 2255 motion is that, although he signed the statutory equivalent to the oath on the form- § 2255 motion he did not so sign his hand-written attachment that Morin–Smith directs the court to for his "supporting facts." I do not recommend dismissal on this ground. I think it is fair to incorporate Morin–Smith's attachment into his sworn petition in light of his reference to the attachment on the sworn form.

**3.** Though Morin–Smith raises this solely as a Rule 32 concern, claims that improper information was considered at sentencing can implicate the Due Process clause. *United States v. Serhant,* 740 F.2d 548, 552 (7th Cir.1984) ([The sentencing judge's] authority is limited only by the due process requirements that a

### B. The Setting of the Restitution Amount

#### 1. The Direct Challenge to the Restitution Order

■ The First Circuit law is clear, even though Morin–Smith is "in custody" he cannot seek review of his restitution order through 28 U.S.C. § 2255. *Smullen v. United States*, 94 F.3d 20, 26 (1st Cir.1996) ("[W]e hold that [a § 2255 movant] cannot challenge his restitution obligation in [a] § 2255 proceeding.").

#### 2. The Impact of the Restitution Amount on the Sentence

■ Morin–Smith also challenges his restitution amount on the basis that it leads to an increase of his base-offense by nine levels under United States Sentencing Guideline 251.1(b)(1)(J) because the loss amount was more than $350,000 but less that $500,000. Morin–Smith explains that he has not previously challenged the restitution calculations because he only recently received the independent accountant's report and pre-sentence reports, his previous copies having been lost upon his transfer to Federal Custody in January 2002. He cites to eight errors in the reports that he contends resulted in too high a restitution amount.

This challenge falls within the embrace of *Knight* as a nonconstitutional, nonjurisdictional fact-finding error that could have been but was not raised on direct appeal. 37 F.3d at 772–73. Concerned with the immigration consequence of a restitution judgment in excess of $10,000, Morin–

Smith attempted to persuade the Sentencing Court that it could frame the judgment as an order to return property to avoid entering an order of restitution with a dollar amount. (Sentencing Tr. at 22–23.) The Court concluded that it did not have the authority to structure the judgment in this fashion. (*Id.* at 23–24.)

The setting of restitution in this case was mandated by Congress. *See* 18 U.S.C. § 3663A; United States Sentencing Guideline § 5E1.1. If any error was made in the calculation of the restitution amount it was "ordinary error" far short of a "complete miscarriage of justice." *Knight*, 37 F.3d at 773. At the close of his sentencing proceeding Morin–Smith was notified of his right to appeal. (Sentencing Tr. at 47–48.) Morin–Smith had the reports available to him prior to sentencing and until his January 2002 transfer. This was the time critical to raising a challenge during sentencing or framing an appeal. "Having bypassed his opportunity to raise the claim on direct appeal," Morin–Smith "cannot raise it now on collateral attack." *Id.* at 773. Thus, this application-of-the-sentencing-guidelines claim is not cognizable under § 2255. *Id.*

### Conclusion

For these reasons I recommend that the Court **DENY** Morin–Smith's 28 U.S.C. § 2255 motion.

### NOTICE

A party may file objections to those specified portions of a magistrate

---

sentence may not be set in reliance on " 'improper or inaccurate information,' " quoting *United States v. Harris*, 558 F.2d 366, 373 (7th Cir.1977)). Even if Morin–Smith had developed this as a constitutional concern in this § 2255 motion, his failure to raise the issue before or at sentencing and his decision not to take a direct appeal would warrant denial of the claim outright due to the procedural de-

fault. Morin–Smith's contention that he has only just become aware of Rule 32(c)(3)(E) cannot satisfy the "cause" requirement for overcoming a procedural default for many reasons. Indeed, there is a want of cause *and* prejudice on this basis for, as explained above, Rule 32(c)(3)(E) is not grounds for the relief Morin–Smith seeks.