**UNITED STATES of America,**

v.

**Reinaldo LOPEZ, Defendant**

No. CRIM. 99–079–P–C.
No. Civ. 02–155–P–C.

United States District Court,
D. Maine.

Dec. 23, 2002.

---

Reinaldo Lopez, Minersville, PA, Pro se.

Jonathan A. Toof, Margaret D. McGaughey, Office of the U.S. Attorney, Portland, ME, for U.S.

### ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

GENE CARTER, District Judge.

The United States Magistrate Judge having filed with the Court on November 19, 2002, with copies to the *pro se* Defendant and to counsel, her Recommended Decision herein (Docket Item No. 503); and Defendant having filed his objection thereto on December 4, 2002 (Docket Item No. 504) and this Court having reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; and this Court having made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision, and concurring with the recommendations of the United

States Magistrate Judge for the reasons set forth in her Recommended Decision, and having determined that no further proceeding is necessary; it is **ORDERED** as follows:

(1) The objection of the Defendant is hereby **DENIED**;

(2) The Recommended Decision of the Magistrate Judge is hereby **AFFIRMED**;

(3) Defendant Reinaldo Lopez's 28 U.S.C. § 2255 motion is hereby **DENIED** without an evidentiary hearing.

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

KRAVCHUK, United States Magistrate Judge.

Reinaldo Lopez is serving a sixty-month federal sentence on a drug-related charge to which he pled guilty. The judgment entered against Lopez on July 20, 2001. Lopez did not pursue a direct appeal, but filed this timely 28 U.S.C. § 2255 motion, alleging one ground: his attorney rendered Constitutionally ineffective assistance during the sentencing proceeding by failing to argue for a downward departure premised on Lopez's diminished capacity. (Docket No. 476.) Lopez requests an evidentiary hearing. (Sec. 2255 Mem. at 9.) The United States has filed a response opposing Lopez's motion and counseling against entertaining further evidence. (Docket No. 493.) For the reasons below, I recommend that the Court **DENY** Lopez's motion without conducting an evidentiary hearing.

## DISCUSSION

### A. Contours of this 28 U.S.C. § 2255 Review

■ The Court can summarily dismiss Lopez's § 2255 petition if it plainly appears from the face of the motion that he is not entitled to relief. *See* Rule Governing § 2255 Proceedings 4(b). "While genuine issues of material fact may not be resolved without a hearing, a hearing is not required where a habeas motion (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." *Carey v. United States*, 50 F.3d 1097, 1098 (1st Cir.1995) (citing *United ed States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir.1978)).

Lopez moves to vacate, set aside, or correct his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255 ¶ 1. To prevail he must establish a constitutional error of such magnitude that it had a "substantial and injurious effect or influence" on the criminal proceeding. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). While a guideline violation standing alone is not necessarily cognizable under 2255 ¶ 1, *see Cofske v. United States*, 290 F.3d 437, 441 (1st Cir. 2002) (citing *Knight v. United States*, 37 F.3d 769, 772–73 (1st Cir.1994)), Lopez asserts that his sentence is constitutionally infirm because he was denied his Sixth Amendment right to effective assistance of counsel, *see Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, "repackaged as one of ineffective assistance of counsel," Lopez's claim "becomes a constitutional claim," *Cofske,* 290 F.3d at 441 (noting that not every error amounts to ineffectiveness); a failure to advocate for appropriate downward departures can constitute ineffective assistance of counsel within the meaning of *Strickland, see United States v. Soto*, 132 F.3d 56, 58–59 (D.C.Cir.1997); *see also United States v. Hoyle*, 237 F.3d 1, 8 (1st Cir.2001) (addressing a direct appeal, sug-

gesting that such challenges are cognizable in motions to vacate).

■ The United States recommends two non-merit-based grounds for denying Lopez relief on this motion. It asserts that Lopez's motion should be dismissed because the facts contained in Lopez's memorandum in support of his motion are not sworn under an independent oath, citing Rule Governing Section 2255 Proceedings 2. I do not recommend dismissal on this ground. Lopez did sign the statutory alternative to the oath on his form § 2255 motion. (Sec. 2255 Mot. at 6.) On this form in the area provided for supporting facts he directs the court to his supporting memorandum. (*Id.* at 4.) As I have done in the past in addressing *pro se* petitions, I think it is best to view the oath sworn on the form motion as sheltering the 'incorporated' memorandum's facts absent some concern about the veracity of pivotal factual averments. *See United States v. Morin–Smith*, 231 F.Supp.2d 388, 390 n. 2 (D.Me.2002) (Kravchuk, Magis.J.); *United States v. Arestigueta*, 2001 WL 929755, *1 (D.Me. Aug.14, 2001); (Kravchuk, Magis.J.); *Bowen v. United States*, 2001 WL 30520, *1 n. 1 (D.Me. Jan. 10, 2001) (Kravchuk, Magis.J.).

■ The United States also contends that Lopez has procedurally defaulted his claim by failing to raise it on direct appeal. (Opp'n § 2255 Mot. at 28–89.) The First Circuit has been clear as crystal on this score; it will not address ineffective assistance of counsel claims for the first time on direct appeal, insisting that defendants first present these claims to the trial court in a collateral proceeding. *United States v. Jadusingh*, 12 F.3d 1162, 1169–70 (1st Cir.1994) ("Generally, we will not address [ineffective assistance claims] raised for the first time on direct appeal ... The proper forum for factbound issues of ineffective assistance of counsel is in a collat-

eral proceeding under 28 U.S.C. § 2255."); *see also Hoyle*, 237 F.3d at 8 ("We have repeatedly held that fact-specific claims of ineffective assistance cannot make their debut on direct review of criminal convictions, but, rather, must originally be presented to, and acted upon by, the trial court."). Thus, Lopez need not generate the *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) cause and prejudice showing to excuse his procedural default.

### B. Lopez's Guideline-based Ineffective Assistance Challenge

■ Lopez's ineffective assistance claim involves United States Sentencing Guideline § 5K2.13. It provides:

A sentence below the applicable guideline range may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity. However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; or (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public. If a departure is warranted, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.

U.S.S.G. § 5K2.13. Argument for an entitlement to the diminished capacity departure must be made during the sentencing procedure or the defendant forfeits the right to appeal on this ground. *United States v. Field*, 39 F.3d 15, 21 (1st Cir. 1994); *accord United States v. Cadavid,*

192 F.3d 230, 240 (1st Cir.1999); *United States v. Robbio*, 186 F.3d 37, 44 (1st Cir. 1999). Postured as an ineffective assistance claim, Lopez asserts that his attorney should have argued for the departure at the time the Court made its sentencing determination.

To prevail on this habeas motion Lopez must show that his counsel's representation of him at sentencing fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052. Lopez must also demonstrate prejudice: that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Lopez's burden of proof is substantial, and there is a strong presumption that counsel's representation was reasonable. *Lema v. United States,* 987 F.2d 48, 51 (1st Cir.1993).

Lopez cannot meet his *Strickland* burden for the following reasons. Lopez was sentenced based on his plea of guilty to a one-count violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B), and § 846. As it pertains to Lopez's offense, section 841(b)(1)(B) sets a five-year minimum sentence for drug offenses that involve "500 grams or more of a mixture or substance containing a detectable amount of . . . cocaine." § 841(b)(1)(B)(ii)(II).

Lopez entered into a plea agreement with the United States. (Docket No. 261.) The agreement articulated the parties' recommendation that Lopez be sentenced based on a drug quantity of 500 grams. (Plea Agreement at 2.)[1] The Presentence Report held Lopez accountable for 755 grams of cocaine, a threshold that would have led to a ten-year mandatory minimum sentence. (PSI at 9; *see also* Sentencing Mem. at 1.) Lopez objected to the PSI's assertions vis-à-vis drug quantity arguing that it should be in the range of 500 to 2000 grams;[2] contested the applicability of statutory penalties; objected to the criminal history computations, but only on the grounds that they should be given no evidentiary weight with regards to Lopez's role in the offense; challenged the report's recommended adjustment for role in the offense and the giving of any evidentiary weight to two PSI paragraphs on his mental health with respect to the role in the offense adjustment; and contended he was entitled to an adjustment for acceptance of responsibility. (PSI at 19–21.) Lopez did not assert entitlement to an adjustment for his mental history or advocate for a downward departure on that score. (*Id.*)

By the time of the sentencing hearing Lopez and his attorney, the United States, and the Court agreed that Lopez's guideline range was sixty to seventy-one months. (Sentencing Tr. at 3; Sentencing Mem. at 3.) At the sentencing hearing Lopez's attorney indicated that Lopez agreed not to contest the 500 grams of powder benchmark and that a consequential minimum mandatory five-year sentence was, in light of "all the facts and circumstance and all the attending problems in this case, . . . the appropriate sen-

---

**1.** According to the United States, during the plea negotiations Lopez objected to the reference to cocaine base (rather than powder) in the superseding indictment and the United States agreed to move to strike the reference to base in the indictment so that the only drug alleged was cocaine powder. (Opp't § 2255 Mot. at 14.)

**2.** The United States also objected to the PSI drug calculation, indicating that Lopez's sentence should be based on drug quantity between 500 and 2000 grams of powder. (PSI at 17.)

tence." (*Id.* at 5.) He stated: "There is no doubt that the minimum mandatory of a 5 year sentence applies, and we would ask that you give that sentence, the five year minimum mandatory." (*Id.* at 6.) The United States recommended that Lopez be sentenced in the middle of the guideline range. (Sentencing Tr. at 4.)

When the Court, on the heels of his attorney's articulations concerning the five-year minimum, informed him of his right of allocution, Lopez said:

> I would like to say God bless you, God bless the American courtroom today. If prison was made for people that suffer, I have suffered since the beginning. I lost a cousin as a result of this, who was like a brother to me. I have kids that I have learned to miss now more than when I was involved in these activities. I want to apologize for what I have done.

(*Id.* at 6.) The record bears out that there was no challenge waged to the five-year minimum before the imposition of sentence. This acquiescence to the five-year statutory minimum could constitute ineffective assistance if there were tenable grounds for applying the diminished capacity departure.

■ Putting to one side the question of whether Lopez would be factually entitled to the departure, Lopez must demonstrate that the departure was available to him as a matter of law. The First Circuit, also addressing a 21 U.S.C. § 841(b)(1)(B) conviction, held that the sentencing guidelines "adopt, rather than replace, a statutory minimum sentence." *United States v. Rodriguez*, 938 F.2d 319, 320 (1st Cir.1991) (vacating a sentence involving a *sua sponte* departure below the five-year minimum). Therefore, departures cannot be used to routinely circumvent statutory minimum sentences.

As with many things in law, this tenant is not absolute. The court could have imposed a sentence that disregarded the statutory minimum by applying a statutory provision known as the "safety valve." *See United States v. Marquez*, 280 F.3d 19, 22 (1st Cir.2002). This safety valve would have been available in Lopez's case if the court found:

> (1) [Lopez did] not have more than 1 criminal history point . . .;
> (2) [Lopez] did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;
> (4) [Lopez] was not an organizer, leader, manager, or supervisor of others in the offense . . . and was not engaged in a continuing criminal enterprise . . .; and
> (5) not later than the time of the sentencing hearing, [Lopez had] truthfully provided to the Government all information and evidence the defendant ha[d] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. . . .

18 U.S.C. § 3553(f); *see also* U.S.S.G. § 5C1.2. To qualify for the relief from the five-year statutory minimum afforded by the safety valve Lopez must meet all five criteria. *See Marquez*, 280 F.3d at 22 –26 (noting that the defendant met four of five of the requirements, denying him relief because of his failure to prove entitlement to the fifth).

■ It is apparent that Lopez does not meet the first § 3553(f) safety valve requirement. The Presentence Report attributed three prior convictions to Lopez worthy of one criminal history point each. (PSI at 10–11.) Lopez did not challenge the authenticity of these convictions; he only sought to bar the use of them as

evidence bearing on Lopez's alleged role in the offense. (PSI at 21.) The Court concluded that Lopez's criminal history was a Category III. (Sentencing Mem. at 2, referencing ¶¶ 31–34 of the report.) Lopez has provided no factual challenge to these convictions in this § 2255 motion. Though the United States asserts that Lopez falls short on other § 3553(f) requirements, his failure on the criminal history requirement alone means that the valve was closed for Lopez.[3]

The United States argues that the only other avenue for Lopez's attorney to avoid the statutory minimum would have been if the United States had moved for a departure based on substantial assistance under U.S.S.G. § 5K1.1. This guideline reads:

*Upon motion of the government* stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1 (emphasis added). *See also* 18 U.S.C. § 3553(e).[4]

The First Circuit has recently held that the application of the substantial acceptance of responsibility departure does not open the floodgates for applying other departures, such as the diminished capacity departure, in circumvention of a statutory minimum sentence. *United States v. Ahlers,* 305 F.3d 54, 60 (1st Cir.2002) ("We think that the unique language in which Congress couched section 3553(e) manifests an obvious purpose: once the government moves for a sentence below the statutory minimum pursuant to section 3553(e), the court has discretion to sentence below that minimum in a manner that reflects the nature and extent of the substantial assistance provided by the defendant—no more, no less."). And there is no way of construing Lopez's motion as arguing that his attorney was ineffective in first not advocating for a government motion for a substantial assistance departure and then not asking the Court to consider

---

3. The United States argues, for instance, that Lopez could not meet the role in the offense requirement. The Presentence Report recommended a three-level enhancement for Lopez's leadership role in the conspiracy pursuant to U.S.S.G. § 3B1.1(b). (PSI at 9.) The Court determined that the United States had not met its burden on this score and declined to in crease the offense level by three points. (Sentencing Mem. at 2.)

4. This subsection of § 3553 provides:

*Upon motion of the Government,* the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of Title 28, United States Code. 18 U.S.C. § 3553(e) (emphasis added).

his diminished capacity, not as an independent ground for departure but as a basis for enlarging a substantial assistance departure. *See id.* at 57; *United States v. Chestna,* 962 F.2d 103, 105–07 (1st Cir. 1992).[5] Therefore, this second avenue for departing from the statutory minimum, considered here only because the United States raises it in its memorandum, is inapplicable to Lopez's straight-forward diminished capacity departure driven claim.

■ In light of this discussion, it cannot be said that Lopez's attorney was ineffective when he did not pursue a diminished capacity departure. Given the inapplicability of the safety valve (and the irrelevance of the substantial assistance departure) and the ultimate imposition of the statutory minimum mandatory sentence there was no legal basis to seek the diminished capacity departure, even if there was a factual basis.[6] Accordingly, Lopez cannot show that his counsel's representation of him at sentencing fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052. And, since striving for the departure would have been futile, there was no *Strickland* prejudice in foregoing the exercise. *Id.* at 694, 104 S.Ct. 2052.

Indeed it would likely have prejudiced Lopez if his attorney had pressed for the departure given the inapplicability of the safety valve. Lopez reaped the benefits of a plea agreement and a Sentencing Judge that was, as a consequence of counsel's efforts, cognizant of Lopez's efforts to come to terms with his wrongdoing. (Sentencing Tr. at 8–9.) It appears from the record that counsel was wise not to roil the waters with the United States or the Court in light of headway counsel made in limiting Lopez's guideline range. *See Cofske,* 290 F.3d at 443–45.

Therefore, I conclude that Lopez's single ground, "is conclusively refuted .... by the files and records of the case." *Carey,* 50 F.3d at 1098.

### CONCLUSION

For these reasons I recommended that the Court DENY Lopez's 28 U.S.C. § 2255 motion without an evidentiary hearing.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which

---

5. Such an argument would seem doomed to fail as it is hard to fathom how Lopez's diminished capacity would be a factor that would lend support to a motion for substantial assistance. *See Chestna,* 962 F.2d at 106 (concluding that additional factors not enumerated in U.S.S.G. § 5K1.1 must relate to the defendant's substantial assistance, identifying no such relation in the defendants' arguments concerning her unique family relationships (*i.e.,* her responsibility for three children)). If anything, Lopez's argument that he was mentally impaired at the time of the criminal enterprise would 'diminish' his usefulness to the prosecution.

6. The United States has provided in-depth discussion of two competency proceedings that preceded the acceptance of Lopez's plea.

The key time-frame for the U.S.S.G. § 5K2.13 inquiry, however, is when Lopez committed the criminal acts. *See United States v. Frazier,* 979 F.2d 1227, 1229–30 (7th Cir.1992) (pointing out that the defendant's reduced mental capacity had to contribute to the commission of the offense in order to apply this diminished capacity reduction). The evidence before the Court at the competency and plea proceedings addressed Lopez's mental state at the time of the hearings, and though it may be probative in making the U.S.S.G. § 5K2.13 determination, *id.* at 1230 n. 2, it is not in and of itself determinative, *id.* at 1230. Fortunately, Lopez's competency at the time of the offense is a thicket into which the court need not wade.

*de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

November 19, 2002.

