Lujan v. United States                    CV-04-247-SM  12/01/04
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


Alberto Lujan,
      Petitioner

      v.                                   Civil No. 04-247-SM
                                           Opinion No. 2004 DNH ___
United States of America,
      Respondent


                          O R D E R


      Lujan, a federal inmate, brought this habeas petition

asserting that he was denied effective assistance of counsel at

sentencing and, as a consequence, was denied the opportunity,

afforded under his plea agreement, to file an unopposed motion

for downward departure based upon health conditions.  See

generally 28 U.S.C. § 2255.


      In a prior order, the court determined that Lujan's trial

counsel was constitutionally deficient in that he failed to

obtain readily available medical opinions unequivocally stating

that Lujan's medical condition will result in a significant

reduction of his life expectancy - one requirement in the plea

agreement necessary to keep the government from opposing a

downward departure motion.  Had counsel produced those opinion letters (which Lujan has since done), and had those opinions been supported by "competent and sufficient medical records," plea agreement at para. 8(b), Lujan would have been entitled to move for a downward departure under the Sentencing Guidelines, without having to overcome the substantial hurdle of an objection interposed by the government.

If, however, the materials produced by Lujan "fail[ed] to establish that [Lujan's] medical condition will result in a significant reduction of his life expectancy," id., the government would, under the terms of the plea agreement, remain free to object to his motion for downward departure.  Accordingly, the court noted:

> What Lujan has filed is enough to establish that the requisite opinions were readily available, but it is not so apparent that "competent and sufficient medical records" supporting those opinions are available.  As Lujan was entitled to adequate legal representation and the benefit of his plea bargain, so, too, is the government entitled to the benefit of its bargain - presentation of the described opinions and supporting records before sentencing, and an opportunity either to agree not to oppose the contemplated downward departure motion, or to contest the adequacy of what is provided and assert its contingent right, under the agreement, to oppose the motion.  Due to counsel's deficient

> performance, neither Lujan nor the government obtained
> the benefits of the bargain struck.

Lujan v. United States, 2004 DNH 135 at 9 (D.N.H. Sept. 14, 2004). The court then directed Lujan to present the government with the medical opinions and supporting medical records contemplated by the plea agreement, and directed the government to review those materials and notify Lujan and the court of its position with respect to its obligations under the plea agreement.

The parties have complied with that order. Lujan submitted the unequivocal medical opinion letters, and records he says supports those opinions, to the government. The government has concluded that the supporting records are substantially identical to what was submitted by prior counsel before sentencing, and that they continue to fail to meet the terms of the plea agreement. Consequently, the government believes that, under the terms of Lujan's plea agreement, it remains free (as it did at sentencing) to oppose any departure motion.

The government's position implicitly signals an assertion that Lujan suffered no prejudice as a result of trial counsel's constitutionally deficient performance at sentencing. That is to say, the government can be expected to argue that even if trial counsel had, prior to sentencing, produced the qualifying opinions, the medical records supporting those opinions (being essentially the same) would still have been insufficient, entitling the government to oppose any motion for downward departure. And, the government would say, the motion still would have been denied for the same reasons given at sentencing, therefore, no prejudice occurred as a result of prior counsel's failure to procure qualifying opinion letters.

At this point, it appears that an evidentiary hearing may be necessary to determine whether the medical opinions and supporting records produced by Lujan "establish that [Lujan's] medical condition will result in a significant reduction of his life expectancy" - presumably measured against standard actuarial life expectancy tables - such that the government was (and is) obliged to not object to a downward departure motion. That is, of course, a very different question than whether the submitted

4

opinion and medical records would warrant a departure (alone or as supplemented by evidence presented at a new sentencing hearing), even in the absence of an objection by the government. And, of course, a relevant issue might be, simply, whether a departure would likely have been granted on the basis of the opinion letters and records, absent an objection.

Finally, another issue looms on the horizon: whether, even if the government is entitled to object to a departure motion, given the nature of the records presented, defendant is, nevertheless, entitled to a new sentencing hearing and a concomitant opportunity to offer medical evidence supportive of his departure motion (previous counsel having failed to offer any medical evidence tending to contradict the medical expert called by the government at sentencing).

The best way to proceed now is to consult with counsel to determine the precise legal issues requiring adjudication, the scope and length of any hearing that may be required, and set a workable schedule in light of counsels' need to prepare. The Clerk of Court shall contact counsel for Lujan and counsel for

the government and arrange a status conference at a time agreeable to both parties.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

December 1, 2004

cc:  Ronald L. Abramson, Esq.
     Randy Olen, Esq.
     Peter E. Papps, Esq.